UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Brandy Walker,<br><br>          Plaintiff,<br><br>v.<br><br>IQ Data International, Inc.;<br>Experian Information Solutions, Inc.; and<br>TransUnion, LLC,<br><br>          Defendants. | Case No. 8:24-cv-2519 |

## COMPLAINT

### INTRODUCTION

1.      This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4.      Plaintiff is an individual residing in Pasco County, FL.

5.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6.      Defendant IQ Data International, Inc. is a furnisher of consumer credit information to consumer reporting agencies.

1

7. Defendant Experian Information Solutions, Inc. is engaged in the business of maintaining and reporting consumer credit information for profit.

8. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

9. Defendant TransUnion, LLC is engaged in the business of maintaining and reporting consumer credit information for profit.

10. TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. At relevant times, IQ Data alleged that Plaintiff was responsible for payment of an alleged debt stemming from an apartment rental agreement at Smoky Crossing Apartment Homes in or about 2020.

12. However, Plaintiff Brandy Walker, then known as Brandy Greene, never resided at the apartment.

13. She briefly acted as a keyholder in case of emergency for the resident, but was not otherwise a responsible party for the rental agreement.

14. In or about January 2020, Plaintiff and all other parties to the rental agreement executed a release form, removing Plaintiff from the rental agreement and terminating any rights and responsibilities of Plaintiff related to the rental agreement.

15. In or around July 2024, Plaintiff checked her credit reports and noticed that IQ Data was reporting inaccurate information on her reports.

16. Specifically, IQ Data reported that she owed a past due balance of almost $6000 to Smoky Crossing Apartments.

17. Because all parties to the rental agreement released Plaintiff from liability for the rental agreement, this representation was false.

18. The false information appearing on Plaintiff's consumer report harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness, and overstates Plaintiff's credit utilization and liability.

19. Experian and TransUnion published the false information regarding the account to third parties.

20. Plaintiff has lost time and incurred expense working to resolve the adverse information associated with the account to prevent further harm.

### WRITTEN DISPUTE

21. On or about August 1, 2024, Plaintiff sent a written letter to Experian and TransUnion disputing the inaccurate information regarding the account reporting on Plaintiff's consumer report, including a copy of the executed roommate release form, and requesting a description of the procedure used to determine the accuracy and completeness of the information Plaintiff was disputing.

22. Experian and TransUnion forwarded Plaintiff's dispute to IQ Data for reinvestigation.

23. IQ Data received notification of Plaintiff's dispute from Experian and TransUnion.

24. IQ Data failed to conduct a reasonable investigation, failed to contact Plaintiff or any third parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

25. Experian and TransUnion failed to conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

26. IQ Data failed to instruct Experian and TransUnion to correct the false information reporting on Plaintiff's consumer report.

27. Experian and TransUnion employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's dispute.

28. Experian and TransUnion employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

29. At no point after receiving the disputes did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's dispute.

## COUNT I – IQ Data

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

30. Plaintiff re-alleges and reaffirms paragraphs 1-6, 11-24, 26, and 29 as though fully set forth herein.

31. After receiving Plaintiff's dispute, IQ Data failed to correct the false information regarding the account reporting on Plaintiff's consumer reports.

32. IQ Data violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

33. As a result of this conduct, action, and inaction of IQ Data, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

34. IQ Data's conduct, action, and inaction was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

35. In the alternative, IQ Data was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

36. Plaintiff is entitled to recover costs and attorneys' fees from IQ Data pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

**COUNT II – Experian and TransUnion**

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

37. Plaintiff re-alleges and reaffirms paragraphs 1-5, 7-22, 25, 27-29 as though fully set forth herein.

38. After receiving Plaintiff's dispute, Experian and TransUnion failed to correct the false information reporting on Plaintiff's consumer report.

39. Experian and TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

40. As a result of this conduct, action and inaction of Experian and TransUnion, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

41. The conduct, action, and inaction of Experian and TransUnion was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

42. In the alternative, Experian and TransUnion acted negligently, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

43. Plaintiff is entitled to recover costs and attorneys' fees from Experian and TransUnion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III – Experian and TransUnion

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

44. Plaintiff re-alleges and reaffirms paragraphs 1-5, 7-22, 25, 27-29 as though fully set forth herein.

45. After receiving Plaintiff's dispute, Experian and TransUnion failed to correct the false information reporting on Plaintiff's consumer report.

46. Experian and TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

47. As a result of this conduct, action and inaction of Experian and TransUnion, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

48. The conduct, action, and inaction of Experian and TransUnion was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

49. In the alternative, Experian and TransUnion acted negligently, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

50. Plaintiff is entitled to recover costs and attorneys' fees from Experian and TransUnion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: October 28, 2024

*/s/ Trescot Gear*
Gear Law, LLC
1405 W. Swann Ave.
Tampa, FL 33606

Mailing Address:
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff